## 32683. HILL v. THE STATE.

JORDAN, Justice.

Appellant R. J. Hill was convicted in 1974 of murder and sentenced to life imprisonment. Hill was granted an out-of-time appeal pursuant to an order entered following his habeas corpus hearing in the Superior Court of Tattnall County.

Appellant contends that the charge of the court on principles of murder and malice was erroneous in two respects. First, that the instructions given regarding murder and the presumption of malice were incomplete in that they did not point out to the jury that the presumption of malice is rebuttable. Secondly, that these charges impermissibly shifted the burden of proof to the

appellant by charging in effect that the jury should return a verdict of guilty if they did not believe appellant's testimony that he acted in self-defense.

The objected to portion of the charge of the court was as follows: "If you believe that this defendant killed the person named in this indictment, Charlie Lee Porter, in the manner therein charged with an instrument in the manner in which it was used was one likely to produce death and without any circumstances of justification or mitigation under the instructions given you and you believe such killing was done with malice, either express or implied, you would be authorized to find the defendant guilty of murder. If the person is killed by another, as charged in this indictment, by an instrument in the manner in which it was used one likely to produce death and at the time of the killing there were no circumstances such as to excite the fears of a reasonable man and that he was in any danger from the deceased under the instructions given you, then the law would imply malice on the part of the defendant and you would be authorized to find the defendant guilty of murder as charged in this indictment."

Before this objected to portion of the charge, the court had adequately charged on the defendant's presumption of innocence and the statutory definition of malice murder. The court followed these instructions with charges on voluntary manslaughter and justifiable homicide, with a thorough explanation of killing that results from a sudden, violent impulse of passion. These charges specifically instructed the jury to examine all evidence regarding the sufficiency of provocation for appellant's actions, and could not have been confusing to the jury.

Nor can it be seriously argued that the court's instructions shifted the burden of proof to the appellant. The court charged on appellant's presumption of innocence and on the principle of reasonable doubt. The objected to charge did not restrict the jury to a malice murder guilty verdict if they did not believe appellant's defense of self-defense. The court's additional instructions on involuntary manslaughter and justifiable homicide authorized the jury to find appellant not guilty or guilty of

some lesser offense. Viewing the charge as a whole, we find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 26, 1977 — DECIDED OCTOBER 19, 1977.

*Miller & Shiver, David L. Shiver,* for appellant.

*Thomas H. Pittman, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.